IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GARY DeWILLIAMS,

                    Plaintiff,

          v.
                                        CASE NO.  14-3186-RDR

ERIC HOLDER, ATTORNEY
GENERAL, et al.,

                    Defendants.


<u>**MEMORANDUM AND ORDER**</u>

     This pro se civil complaint was filed by Mr. DeWilliams
while he was an inmate at the United States Penitentiary,
Leavenworth, Kansas (USPL).[1] The court has examined the over 110
pages of pleadings and exhibits filed by Mr. DeWilliams and
takes judicial notice of his prior related court actions.  This
is another in a long string of actions filed by Mr. DeWilliams
in an attempt to challenge his 1988 federal convictions and
sentence.  The court dismisses this complaint seeking mandamus
relief for failure to state a claim and as frivolous.  The court
declines to merely construe this action as a successive § 2255
motion due to Mr. DeWilliam's abusive litigation history and his
insistence that he seeks something other than habeas corpus
relief.  In any event, even if this action were construed as
another successive and abusive § 2255 motion, it would be

---

[1]   Plaintiff has notified the court of his transfer to Adelanto-FCI,
Adelanto, California.

dismissed for lack of jurisdiction because this is not the sentencing court and there is no indication that Mr. DeWilliams obtained preauthorization from the Tenth Circuit Court of Appeals prior to filing this action.  The court also requires petitioner to satisfy the statutory filing fee prerequisites.

## FILING FEE

With his complaint, plaintiff sent a letter to the clerk stating he had begun the process for obtaining $5.00 for the filing fee.  However, no fee was ever paid and plaintiff has not submitted a motion to proceed without prepayment of fees.  The statutory fee for filing a non-habeas civil action is $350.00, 28 U.S.C. § 1914, with an administrative fee of $50.00 added for one who is not granted in forma pauperis (IFP) status.  The statutory fee for filing a federal habeas corpus petition is $5.00.[2]  *Id.*  A prisoner seeking to proceed without prepayment of fees in a civil action must submit a proper IFP motion upon court-approved forms that contains an affidavit and a statement of the prisoner's assets.  28 U.S.C. § 1915(a)(1).  Along with this motion, the inmate must submit a certified copy of the transactions in his institutional account for the six-month period immediately preceding the filing of the action.[3]  Mr.

---

[2]   In this court, no fee is charged for a § 2255 motion filed in the inmate's criminal case.

[3]   With a habeas petition, the inmate is required to submit an accounting of the funds available to him in his institutional account.  D.Kan.Rule

DeWilliams has previously been advised of these prerequisites.

The court determines that the appropriate filing fee for this case is that for a civil action and plaintiff is assessed the full fee of $350.00.[4]  Mr. DeWilliams has filed prior § 2255 motions and § 2241 petitions that raised the same claims as are presented herein, which were dismissed.  *See United States v. DeWilliams*, 554 Fed.Appx. 752 (10th Cir. 2014)(Mr. DeWilliams "has filed numerous unsuccessful challenges to his 1988 pre-Guidelines sentence.")(citing *In re deWilliams*, No. 11-1575, at 2-4 (10th Cir. Jan. 26, 2012)(unpublished order)(summarizing filings).  He has been informed on numerous occasions by various courts that his exclusive remedy for challenging his federal

---

9.1(g); *see also* Rule 3(a)(2) of the Rules Governing Section 2254 Cases in the United States District Courts (habeas petition must be accompanied by "a motion for leave to proceed in forma pauperis, the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution").

[4]     The fee and three-strikes provisions of the Prisoner Litigation and Reform Act (PLRA) apply to an action for mandamus relief.  *Green v. Nottingham*, 90 F.3d 415, 417 (10th Cir. 1996); *Childs v. Weinshienk*, 320 Fed.Appx. 860, 863 (10th Cir. 2009); *Schoenrogge v. Brownback*, 255 Fed.Appx. 307, 309 (10th Cir. 2007).  The Tenth Circuit reasoned in *Green* as follows:

> Allowing prisoners to continue filing actions . . . merely by framing pleadings as petitions for mandamus would allow a loophole in the PLRA that Congress surely did not intend in its stated goal of "discourag[ing] frivolous and abusive prison lawsuits."  The term "lawsuit" is commonly used to include "any of various technical legal proceedings."  In this context, a mandamus proceeding is no more than a lawsuit against the district court to compel it to act.  Based on the history and purpose of the Prison Litigation Reform Act, we conclude that petitions for a writ of mandamus are included within the meaning of the term "civil action" as used in § 1915, [and] that the use of the word "complaint" in § 1915(a)(2) . . . is broad enough to include petitions for extraordinary writs, including mandamus.

*Green*, 90 F.3d at 417-18 (citation omitted).

conviction or sentence is a motion filed in the sentencing court pursuant to 28 U.S.C. § 2255.  It is plain that he intentionally filed this matter as a civil complaint for mandamus relief to avoid the statutory restrictions that have caused his prior habeas actions to be readily dismissed.  For these reasons and based upon Mr. DeWilliams' litigation history, the court determines that his claims herein are not only successive but abusive habeas claims that he again attempts to disguise as non-habeas claims in this frivolous complaint for mandamus relief against several "Defendants."

Mr. DeWilliams is ordered to submit a proper Motion to Proceed without Prepayment of Fees upon court-approved forms accompanied by the requisite financial information in support. He is provisionally granted leave to proceed without prepayment of fees conditioned upon his submitting his complete and proper Motion within the time prescribed by the court.  If he fails to submit a proper motion or fails to qualify to pay the fee through automatic payments, the entire fee will be become due and owing upon expiration of the prescribed time period.

## BACKGROUND AND PROCEDURAL HISTORY

Mr. DeWilliams was convicted in the United States District Court for the District of Colorado upon his pleas of guilty to one count of bank robbery and one count of false statement.  On August 3, 1988, he was sentenced to twenty-five years in prison.

*See DeWilliams v. Walsh*, 2011 WL 3268610 (D.Colo. July 28, 2011).  Three weeks after sentencing, the judge entered a "Clarification of Judgment" stating that Mr. DeWilliams' "sentence had been imposed under the law that pre-existed the United States Sentencing Commission's promulgation of sentencing guidelines" based on that court's finding that the U.S. Sentencing Guidelines were unconstitutional. *Id.* However, in January 1989, the Supreme Court issued its opinion in *Mistretta v. United States*, 488 U.S. 361 (1989), holding that the guidelines are constitutional.

In *DeWilliams*, the sentencing court set forth Mr. DeWilliam's extensive litigation history after his 1988 convictions and sentence:

> Mr. DeWilliams appealed directly to the United States Court of Appeals for the Tenth Circuit (Tenth Circuit), claiming that this Court should have allowed him to withdraw his guilty plea pursuant to Rule 32(d) of the Federal Rules of Criminal Procedure, or at least the Court should have granted him an evidentiary hearing to allow him to demonstrate fair and just reasons for a plea withdrawal. In affirming this Court's conviction, the Tenth Circuit found that the district court conducted a proper Fed.R.Crim.P. 11 hearing, and that Mr. DeWilliams failed to present any substantial reasons to warrant either an evidentiary hearing on the motion to withdraw his guilty plea or fair and just reasons to grant such a motion. *United States v. DeWilliams*, No. 88-2225 (10th Cir. Jan. 23, 1990) (not selected for publication). On June 4, 1990, the United States Supreme Court denied certiorari review.
>
> Approximately fifteen years later, on August 8, 2005, Mr. DeWilliams filed in No. 88-cr-00064-ZLW-1 a

motion to vacate, set aside, or correct sentence
pursuant to 28 U.S.C. § 2255 and a petition for writ
of coram nobis seeking to be resentenced under the
sentencing guidelines. He based his claim on
*Mistretta*. On August 31, 2005, this Court denied the §
2255 motion as time barred. The Court also denied the
coram nobis petition, finding it was simply an attempt
to circumvent the time limitation contained in § 2255.

Undeterred, on September 19, 2005, Mr. DeWilliams
filed pro se in No. 88-cr-00064-ZLW-1 a motion to
correct an illegal or unauthorized sentence pursuant
to Fed.R.Crim.P. 35(a), raising the same argument as
in the § 2255 motion and coram nobis petition. On
October 27, 2005, the Court denied the motion,
concluding that Fed.R.Crim.P. 35(a) did not afford an
avenue for relief. The Tenth Circuit affirmed. See
*United States v. DeWilliams*, No. 05-1495, 178 Fed.
Appx. 819 (10th Cir. May 4, 2006) (unpublished).

On April 28, 2008, Mr. DeWilliams filed in No.
88-cr-00064-ZLW-1 a motion titled "Motion to Amend or
Modify Sentence Retroactively Pursuant to
[*Mistretta*]," which the Court summarily denied on May
16, 2008, noting it "contains the same arguments
previously presented before this Court. [The]
requested relief remains time barred under 28 U.S.C. §
2255 and relief continues to be unavailable . . .
under Fed.R.Crim.P. 35(a)." On November 13, 2008, the
Tenth Circuit dismissed the appeal, characterizing the
motion to amend or modify sentence filed in this Court
as a second or successive § 2255 motion, denying Mr.
DeWilliams leave to proceed in forma pauperis on
appeal, and directing him to pay the filing fee in
full. *See United States v. DeWilliams*, No. 08-1223,
299 Fed. Appx. 801 (10th Cir. Nov. 13, 2008).

In the meantime, on December 3, 2007, Mr.
DeWilliams filed a 28 U .S.C. § 2241 habeas corpus
application in this Court, which denied the
application on September 30, 2009, noting that the
application was "thinly veiled," "brought in title
only under 28 U.S.C. § 2241," and "again [sought]
vainly to achieve time-barred relief under 28 U.S.C. §
2255." *See DeWilliams v. Davis*, No. 07-cv-02513-REB-
MJW, slip op. at 2 (D.Colo. Sept. 30, 2009)
(unpublished) (ECF No. 68). On March 16, 2010, the
Tenth Circuit agreed with the district court's

characterization of Mr. DeWilliams § 2241 application,
determined the application was really an unauthorized
successive motion for relief under § 2255, vacated the
district court's ruling denying the § 2241
application, treated Mr. DeWilliams' notice of appeal
and appellate brief as an implied application for
leave to file a successive § 2255 motion, and denied
such leave because Mr. DeWilliams failed to come forth
with newly discovered evidence or a new rule of law
applicable retroactively to his case pursuant to 28
U.S.C. § 2255(h). *See DeWilliams v. Davis*, No. 09-
1449, 369 Fed. App'x 912, 914 (10th Cir. Mar. 16,
2010).

　　　On February 25, 2011, Mr. DeWilliams again filed
a habeas corpus application pursuant to § 2241
challenging the validity of his criminal conviction
and sentence. The Court denied the application and
dismissed the action for lack of jurisdiction as an
unauthorized successive motion for relief under §
2255. *See DeWilliams v. Garcia*, No. 11-cv-00480-LTB
(D. Colo. June 17, 2011)(ECF No. 20). The Court,
quoting No. 07-cv-02513-REB-MJW, slip op. at 2 (ECF
No. 68), noted that No. 11-CV-00480-LTB was another
"'thinly veiled application, which is brought in title
only under § 2241, . . . seek[ing] vainly to achieve
time barred relief under § 2255." *See* No. 11-cv-00480-
LTB, slip ap. at 6 (ECF No. 20).

*Id*. *1-*3.  In the above-quoted case, the sentencing court had

before it DeWilliams' pro se "action in the nature of mandamus"

in which he asked that court to "compel the United States

Attorney from exercising the judgment in his criminal case."

*Id*. at *1.  That court warned plaintiff of the three strikes

provision in 28 U.S.C. § 1915(g) before dismissing "the action

in the nature of mandamus pursuant to § 1915(e)(2)(B) as legally

frivolous."[5]  *Id*.

---

[5]　　The court noted that a "legally frivolous claim is one in which the
plaintiff asserts the violation of a legal interest that clearly does not
exist or asserts facts that do not support an arguable claim." *Id*. (citing

While Mr. DeWilliams was confined in Littleton Colorado, he filed a "pro se petition for writ of mandamus and declaratory judgment" in the District of Columbia asking the court "to reverse the 1988 judgment," compel Department of Justice officials to "Null and Void Clarification Judgment Order," and compel the U.S. Attorney to enforce the plea agreement. *See DeWilliams v. Holder,* 2011 WL 1042592 (D.C. 2011). That court found the action "was yet another of plaintiff's attempts to overturn his conviction, where he will not succeed" and dismissed for lack of subject matter jurisdiction. *Id.*

In December 2011, Mr. DeWilliams sought authorization from the Tenth Circuit to file a successive § 2255 application. The Circuit discussed his request:

> Mr. deWilliams seeks authorization to assert claims primarily concerning his 1988 sentence: (1) the *Mistretta* decision was previously unavailable to him; (2) his case was on direct appeal and not final when *Mistretta* was decided; (3) his guilty plea was not intelligently, knowingly, or voluntarily made because he was never informed about the difference between pre-guidelines and guidelines sentencing law; (4) his trial counsel was ineffective with regard to his sentence during plea negotiations, at the change of plea hearing, and during sentencing, and counsel acted under a conflict of interest; (5) the prosecutor breached the plea agreement by failing to ensure a limited sentence under the guidelines; (6) the district court was biased regarding sentencing law; (7) the district court lacked jurisdiction to enter the clarification of judgment because he had already filed a timely notice of appeal; (8) his appellate counsel was ineffective for failing to raise

---

*Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

> sentencing issues; and (9) his sentence is
> unconstitutional. Although Mr. deWilliams concedes
> only that claims (1), (2), and (8) were raised
> previously, all of his other claims concern his pre-
> guidelines sentence and are versions of claims he has
> presented previously in his many attempts to have his
> sentence changed to a guidelines sentence.

*See In re DeWilliams*, App.Case 11-1575, 5 (10th Cir. Jan. 26,

2012)(unpublished).  The Circuit quoted 28 U.S.C. § 2255(h) and

discussed the showings that must be made thereunder.  *Id.* at 4.

They found that *Mistretta* was not a new rule of constitutional

law, and that none of plaintiff's claims met "the new law or new

facts requirement of § 2255(h)."  *Id.*  In closing, the Tenth

Circuit warned Mr. DeWilliams that they "will impose sanctions

if he continues to challenge his 1988 sentence."  *Id.* at 7.

### ALLEGATIONS AND CLAIMS

Mr. DeWilliams begins his initial pleading filed in this

action with the following statement:

> The sole issue presented . . . is whether the Federal
> Sentencing Guidelines Act of 1984 . . . applies to the
> . . . offenses in this case on January 15, 1988 and
> March 7, 1988, and on the date of sentencing for those
> two offenses on August 3, 1988.

Petition (Doc. 1) at 1.  He then makes numerous allegations,

claims and arguments.  His allegations include the following.

In June 1988, he entered into a plea agreement in which the

United States agreed that he would be sentenced under the newly-

enacted Sentencing Guidelines and not to oppose their

constitutionality.  On August 3, 1988, he was sentenced to an

9

aggregated 25-year term.  *United States v. DeWilliams*, Case No. 88-CR-64-CMA (D.Colo. 1988).  On August 9, 1988, he directly appealed.  On August 24, 1988, the sentencing judge conducted a second sentencing hearing and issued an order to clarify that "sentences imposed in her court" were under "pre-existing law" and not the SRA of 1984.  Plaintiff was not provided notice of that hearing, and neither he nor his counsel was present.  At the beginning of plaintiff's confinement, the Federal Bureau of Prisons (BOP) computed his sentence under the Sentencing Guidelines rather than pre-exisiting law and he was not required to appear before the Parole Commission.[6]  From 1988 until 2005 he believed that the issue of "his excessive 300 months term" had been resolved.  In 1992-1993 defendants "changed the sentence procedure" and voided all statutory good time awarded to him as against a Guidelines sentence, and the USPC assumed authority over him.  In 2006, Mr. DeWilliams first became aware of the "Clarification of Judgment Order" when it was shown to him by a prison case manager and found out that his sentence had been changed "from a Sentencing Guideline sentence to a Pre-Guideline sentence" in accord with that order.  He thereafter pursued

---

[6]     However, petitioner also alleges that the USPC conducted an initial parole hearing in 1992 and granted parole effective March 1997 and in 1999 he was taken into custody as a parole violator based on new criminal conduct and sanctioned with a 32-months violator term.  A new sentence was imposed on August 31, 2000 that was ordered to run consecutive to the undischarged parole revocation term.  He was re-paroled effective December 2001, but apparently again violated parole.

administrative remedies by filing a BP-8 and was finally informed by General Counsel in 2007 that "P.S. § 5800.13 'forbids staff from changing any sentence without a verified, amended criminal judgment or other order issued by the appropriate court." He also pursued judicial remedies "through 28 U.S.C. § 2255, 28 U.S.C. § 2241, 28 U.S.C. § 1651, and Rule 60(b)'s "all to (no) avail."

Mr. DeWilliams' many claims and arguments include the following. The sentencing court did not make clear why his offenses were under pre-existing rather than current law. Defendants violated his constitutional rights by not informing him of what authority and "what court orders and facts the BOP relied upon to change the J&C into a pre-Guideline sentence." He was denied his right to object and appeal the clarification order. The clarification order was based on the "erroneous judicial determination" that the Sentencing Reform Act (SRA) was unconstitutional. The clarification order resulted in his receiving a greater punishment than authorized by federal law on the date of his offenses. The 1987 Sentencing Guidelines in effect when he was sentenced "assigned a lesser consequence[] to his acts on January 15 and March 7, 1988." His 1988 offenses and sentence should be processed under the USSG provisions that existed after the SRA became effective. He had a right to the plea agreement's incorporation of the Sentencing Guidelines and

11

is entitled to a sentence under the SRA "and its promulgated Sentencing Guidelines, policies and amendments." His 1988 sentence is illegal. He had an expectation of up to 54 days credit toward service of his sentence at the end of each year. Congress did not intend for the Parole Commission and Reorganization Act (PCRA) of 1976 to apply to offenses or sentences committed after its effective date. Defendant Isaac Fulwood had authority to change the criminal judgment and commitment order, but he and all defendants "have indicated that (DeWilliams') remedy lies in the District Court that sentenced him." Defendants were made aware of their "predecessor's" action and have failed to request an amended criminal judgment. The acts of defendants should be held to have violated due process, the ex post facto clause, and equal protection, and held to be void. His "extraordinary period of incarceration" is cruel and unusual punishment that violates the Eighth Amendment.

Mr. DeWilliams states that he is not asking for release because of the conviction he is currently serving. However, he claims that his 1988 sentence exceeded the amount authorized when the offense occurred by "as much as 263 months" and claims that "his Full Term of Expiration under the Sentencing Guidelines was June 5, 1993." He requests a "show cause hearing." He asks the court to compel "Defendants" to change his sentence "back under the Sentencing Reform Act of 1984 and

12

amended 18 U.S.C. § 3551 et. seq., or under the laws in effect on the date the offenses were committed and to enjoin defendants to enforce" the August 3, 1988 Judgment and Commitment order. He also complains regarding unspecified parole provisions that were applied to his case and asks the court to "set aside" the authority of the USPC over his case.[7]

## STANDARDS

### A.  Screening

Because Mr. DeWilliams is a prisoner suing government officials, the federal district court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

### B.  Mandamus

28 U.S.C. § 1361 provides that:

> the district courts shall have original jurisdiction
> of any action in the nature of mandamus to compel an
> officer or employee of the United States or any agency
> thereof to perform a duty owed to the plaintiff.

The requirements for issuance of a writ of mandamus are strict. *Dalton v. United States*, 733 F.2d 710, 716 (10th Cir. 1984). "Mandamus is a "drastic" remedy "to be invoked only in

---

[7]     Plaintiff's claims regarding actions of the U.S. Parole Commission like all his other claims are premised on his assertion that he was sentenced under the wrong provisions in 1988.

extraordinary situations." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980).  It "is not available when review by other means is possible." *W. Shoshone Bus. Council v. Babbitt*, 1 F.3d 1052, 1059 (10th Cir. 1993)(citations omitted).  "In order to insure that the writ will issue only in extraordinary circumstances" the U.S. Supreme Court

> has required that a party seeking issuance have no other adequate means to attain the relief he desires, and that he satisfy the "burden of showing that [his] right to issuance of the writ is "clear and indisputable."

*Id.* at 35 (citations omitted); *In re Kozeny*, 236 F.3d 615, 620 (10th Cir. 2000); *Wilder v. Prokop*, 846 F.2d 613, 620 (10th Cir. 1988)("To grant mandamus relief, the court must find (1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and preemptory duty on the part of the defendant to do the action in question; and (3) no other adequate remedy is available."); *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)(mandamus is available only if the defendant owes plaintiff a clear nondiscretionary duty.); *see also Pittston Coal Group v. Sebben*, 488 U.S. 105, 121 (1988)(mandamus will "issue only to compel the performance of a clear nondiscretionary duty.").

   **B.  § 2255**

      In addition to the direct appeal procedures provided in 28 U.S.C. § 1291, Congress enacted the 28 U.S.C. § 2255 motion to

vacate for collateral attacks on the validity of a federal judgment of conviction or sentence.  The 28 U.S.C. § 2255 statute expressly requires that such a motion be brought in the court in which the conviction or sentence was entered.[8]  *United States v. Hayman*, 342 U.S. 205, 216 (1952); *see Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)("A 28 U.S.C. § 2255 petition attacks the legality of detention, and must be filed in the district that imposed the sentence.")(citations omitted). The § 2255 motion to vacate is the exclusive remedy for testing the validity of a federal conviction or sentence unless it is shown to be inadequate or ineffective.  28 U.S.C. § 2255(e);[9] *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963)(per curiam); *Bradshaw*, 86 F.3d at 166; *see Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965).  It is the federal

---

[8]    Section 2255(a) provides:

A prisoner in custody under sentence of a (federal) court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States . . ., or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

*Id.*

[9]    Section 2255(e) provides:

An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him .... unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

*Id.*

prisoner's burden to show that the § 2255 remedy is inadequate or ineffective. The § 2255 remedy has been found to be inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

## DISCUSSION

All Mr. DeWilliams' allegations, arguments and claims in this action are undoubtedly attempts to challenge the legality of his 1988 federal criminal convictions and sentence. He has been repeatedly notified and reminded in prior actions that subsequent to direct appeal his "exclusive remedy" for these claims is a motion to vacate filed pursuant to § 2255 in the sentencing court.[10] This court clearly lacks jurisdiction to consider plaintiff's challenges to his federal convictions and sentence because this is not the court in which he was convicted and sentenced. 28 U.S.C. § 2255; *Haugh v. Booker*, 210 F.3d 1147, 1152 (10th Cir. 2000)("Because a section 2255 motion must be brought in the district in which the defendant was sentenced, the district court here lacked jurisdiction."). Section 2255 motions are subject to two significant statutory "gate-keeping"

---

[10]     The court is not compelled to "liberally construe" this mandamus action as a successive § 2241 petition just because it was filed in the district of incarceration. Mr. DeWilliams has previously been notified with citations to controlling case law that Section 2241 is not an additional, alternative, or supplemental remedy to the relief afforded by motion in the sentencing court under § 2255, and that review under § 2241 is available only upon a showing that the remedy provided by § 2255 is inadequate or ineffective.

restrictions: a one-year statute of limitations in § 2255(f) and a ban on second and successive motions in § 2255(e).  A federal inmate may not avoid these restrictions by simply insisting that his claims are brought under § 1361, § 2241, or some other inappropriate legal process and not § 2255.  Mr. DeWilliams has already sought relief from the sentencing court by way of a § 2255 motion.  He has also sought Circuit preauthorization to file a second and successive § 2255 application.  Both were denied by the correct courts for valid reasons.  He makes no effort in this case to show that his § 2255 remedy was inadequate or ineffective and suggests no reasons why he could not have presented all the claims raised in his complaint in a timely first § 2255 motion.  The fact that Mr. DeWilliams was denied relief by the sentencing court under § 2255, even if that decision was erroneous, does not establish that his § 2255 remedy was inadequate or ineffective.  His allegations that he has no right to have his sentence corrected under Rule 35(a), 28 U.S.C. § 2255(f)(1) or (f)(4), or 28 U.S.C. § 2241 do not entitle him to either habeas or mandamus relief in this court. Furthermore, even though Mr. DeWilliams is now precluded from filing another § 2255 motion by the statute-of-limitations and successive-writ provisions of § 2255, that fact alone does not establish that his § 2255 remedy was adequate.  *Caravalho*, 177 F.3d at 1178-1179 (finding § 2255 remedy was not ineffective or

inadequate where procedural obstacles set forth in Antiterrorism and Effective Death Penalty Act barred petitioner from bringing successive § 2255 motion); *see Bradshaw*, 86 F.3d at 166 ("Failure to obtain relief under 2255 does not establish that the remedy so provided is either inadequate or ineffective.")(quotation omitted); *see also Sines v. Wilner*, 609 F.3d 1070, 1073-74 (10th Cir. 2010). In summary, because Mr. DeWilliams' exclusive remedy for challenging his federal convictions and sentence is a § 2255 motion and he makes no showing that his § 2255 remedy was inadequate or ineffective, his habeas claims in this action must be dismissed without prejudice for lack of jurisdiction. *See Gibson v. Fleming*, 28 Fed.Appx. 911, 913 (10th Cir. 2001)(court should have dismissed § 2241 habeas petition without prejudice for lack of jurisdiction where petition challenged federal conviction or sentence and petitioner did not show § 2255 remedy was inadequate or ineffective).

Given that Mr. DeWilliams did not obtain preauthorization from the Tenth Circuit to file a successive application, this court, like the sentencing court, lacks jurisdiction to consider the § 2255 claims presented in his complaint. This court has the authority to transfer a successive habeas application to the proper Court of Appeals if such a transfer is in the interest of justice. However, it determines in this case that such a

transfer would only result in raising false hopes and further waste of judicial resources because this action is "clearly doomed." *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000).

Mr. DeWilliams' assertions that this "court has jurisdiction over this action under . . . 28 U.S.C. §§ 1361" and that he has a right to mandamus relief against the named defendants are dismissed as legally frivolous pursuant to § 1915(e)(2)(B).[11]  Mr. DeWilliams has previously been informed of the strictures upon mandamus relief and that a petition for writ of mandamus is not an appropriate vehicle for challenging his 1988 federal convictions or sentence.  The court finds, like the sentencing court in *DeWilliams v. Walsh*, that this mandamus action "is yet another thinly veiled attempt" by Mr. DeWilliams to challenge the same convictions or sentence that he previously challenged on direct appeal and through numerous post-conviction collateral attacks.  Mr. DeWilliams does not show that he has a clear right to mandamus relief against the named defendants.

---

[11]    Plaintiff's bald citations to 28 U.S.C. § 1391 and other statutes do not establish this court's jurisdiction.  He alleges no facts whatsoever and cites no authority to establish jurisdiction under any of these provisions. Section 1391 governs venue and does not confer jurisdiction.  With no explanation, plaintiff also cites § 701-706 of the Administrative Procedure Act; 5 U.S.C. §§ 551, 552, *et seq.*; "the Sentencing Reform Act of 1984;" and 28 U.S.C. § 1367(a)(supplemental jurisdiction).  Section 551 contains definitions of terms and does not confer jurisdiction.  Section 552 governs information that "each agency shall make available to the public" and does not confer jurisdiction over challenges to a federal sentence or conviction. Nor does the SRA confer jurisdiction over plaintiff's claims.  Likewise, no factual or legal basis is apparent for plaintiff's assertion of supplemental jurisdiction.

Nor does he show that the named defendants owe him a clear nondiscretionary duty to change the 1988 sentencing order in his criminal case. Furthermore, as already noted, plaintiff had a remedy under § 2255 and utterly fails to show that it was inadequate or ineffective. For these reasons, plaintiff's claims for mandamus relief are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim and as legally frivolous. In addition, the court designates this mandamus action as another "strike" against Mr. DeWilliams pursuant to 28 U.S.C. § 1915(g).

**PENDING MOTIONS**

Mr. DeWilliams has filed several motions that are pending: Motion for expeditious hearing (Doc. 3); Motion for summary judgment (Doc. 4); Motion for Substitution of Party Defendants (Doc. 7), and Motion for resolution (Doc. 8). The court finds that these motions are moot due to the court's dismissal of this action.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is dismissed, without prejudice, for failure to state a claim, as frivolous and for lack of jurisdiction and that all relief is denied.

**IT IS FURTHER ORDERED** that all pending motions (Docs. 3, 4, 7, & 8) are denied as moot.

**IT IS FURTHER ORDERED** that Mr. DeWilliams is provisionally

granted leave to proceed without prepayment of fees conditioned upon his filing within thirty (30) days a properly completed and supported Motion for Leave to Proceed without Prepayment of Fees on court-provided forms.   Plaintiff is hereby assessed the filing fee of $350.00 to be paid through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).   The Finance Office of the facility where plaintiff is currently incarcerated is directed by copy of this Order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until plaintiff's outstanding filing fee obligation has been paid in full.   Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

The clerk is directed to send a copy of this Order to plaintiff, to the finance officer at the institution in which plaintiff is currently confined, and to the court's finance office.   The clerk is also directed to send IFP forms to plaintiff.

**IT IS SO ORDERED.**

**DATED:   This 2nd day of July, 2015, at Topeka, Kansas.**

**s/Richard D. Rogers**
**Richard D. Rogers**
**United StatesDistrict Judge**